IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL CURTIS REYNOLDS, :
:
    Plaintiff :
:
   v. : CIVIL NO. 4:CV-10-1514
:
LARRY WHITEHEAD, ET AL., : (Judge McClure)
:
    Defendants :

## MEMORANDUM

August 19, 2010

**Background**

    Michael Curtis Reynolds (Plaintiff), an inmate presently confined in the Allenwood Federal Correctional Institution, White Deer, Pennsylvania (FCI-Allenwood), initiated this *pro se* civil rights action pursuant to 28 U.S.C. § 1331. The complaint is accompanied by a request for leave to proceed *in forma pauperis*. *See* Record doc. no. 2. For the reasons set forth below, Reynolds' complaint will be dismissed, without prejudice.

    Named as Defendants are Agents Joseph Noone and Larry Whitehead of the Federal Bureau of Investigation (FBI). Plaintiff was convicted of federal criminal charges following a jury trial before the Honorable Edwin M. Kosik of this district court. *See United States v. Reynolds*, Case No. 3:05-CR-493. His conviction was subsequently affirmed by the United States Court of Appeals for the Third Circuit. He

1

has filed numerous civil actions in this district over the course of the past few years challenging the legality of those criminal proceedings.

Reynolds' pending Complaint alleges that Defendant Whitehead "did falsify statements to procure malicious prosecution and give same in court evidence of a false arrest." Doc. 1, ¶ IV (1). Plaintiff similarly claims that Agent Noone "did falsify statements and perjured before the Courts knowingly to procure a malicious prosecution." *Id*. at (2). As relief, Plaintiff seeks compensatory and punitive damages.

**Discussion**

**Three Strikes**

Under 28 U.S.C. § 1915(g), a federal civil action by a prisoner proceeding *in forma pauperis* is barred if he or she:

> has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Reynolds, while incarcerated, previously initiated the following civil actions which were dismissed in this Court under 28 U.S.C. § 1915(e)(2)(B) as being frivolous: *Reynolds v. Lackawanna County Prison*, Civil No. 4:06-CV-1190 (M.D. Pa. July 7, 2006)(complaint *sua sponte* dismissed as frivolous); *Reynolds v. Gurganus, et al.*, Civil No. 4:06-CV-1753 (M.D. Pa. Sept. 11, 2006)(sua sponte dismissal on grounds that complaint is frivolous); *Reynolds v. Kosik, et al.*, Civil No. 4:06-CV-2466 (M.D. Pa. Jan. 18, 2007)(complaint *sua sponte* dismissed as frivolous). Those

2

actions, which included similar claims against individuals associated with Plaintiff's aforementioned federal criminal prosecution, constitute three strikes as contemplated under § 1915(g).

The only exceptions to the three strikes requirement is if the alleged unconstitutional conduct places the inmate plaintiff in danger of imminent "serious physical injury" at the time his complaint was filed. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001). It must be shown that "the danger of serious physical injury was imminent at the time the complaint was filed, not at the time of the alleged incident." *McCarthy v. Warden, USP-Allenwood*, 2007 WL 2071891 *2 (M.D. Pa. July 18, 2007)(Caldwell, J.). Past danger is insufficient, rather, the danger must be about to occur at any moment or impending. *See id.*

The gist of Plaintiff's present complaint, which is dated July 12, 2010, is his challenge to conduct which purportedly transpired during the investigation and his resulting 2007 federal criminal prosecution before Judge Kosik. Based upon an application of the standards announced in §1915(g), *Abdul-Akbar* and *McCarthy*, Reynolds has failed to adequately allege that he was in danger of imminent serious physical injury at the time his complaint was filed on July 12, 2010. Accordingly, Plaintiff's present civil rights action is subject to dismissal without prejudice under § 1915(g).

**Heck**

Dismissal of this action is also appropriate under the standards announced in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court ruled that a

constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87.

As previously noted, Plaintiff's pending action claims that Defendants subjected him to an unconstitutional federal prosecution. Based on the nature of Reynolds' allegations, a finding in his favor would imply the invalidity of his federal criminal prosecution. However, there is no indication that Reynolds has successfully challenged the federal criminal conviction referenced in his Complaint.

Pursuant to the standards announced in *Heck,* Reynolds' instant complaint to the extent that it seeks an award of damages is also premature because he cannot maintain a cause of action for unlawful conviction and imprisonment until the basis for that conviction and imprisonment -- in this case Reynolds' federal criminal conviction-- is overturned. An appropriate Order will enter.

s/James F. McClure,  
JAMES F. McCLURE, JR.  
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL CURTIS REYNOLDS, :
:
    Plaintiff :
:
    v. : CIVIL NO. 4:CV-10-1514
:
LARRY WHITEHEAD, ET AL., : (Judge McClure)
:
    Defendants :

## **ORDER**

August 19, 2010

In accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(g) and *Heck v. Humphrey*, 512 U.S. 477 (1994).

2. The Clerk of Court is directed to close the case.

3. Any appeal from this Order will be deemed frivolous, without probable cause and not taken in good faith.

                                           s/James F. McClure, Jr.
                                           JAMES F. McCLURE, JR.
                                           United States District Judge